**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Allen Solomon,

                                    *Plaintiff*,

                *- against -*

Curt Szymanski, and Caffeination Title, LLC,

                                 *Defendants*.
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Allen Solomon ("**Plaintiff**" or "**Solomon**"), by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge, brings this complaint against Defendant Curt Szymanski ("**Szymanski**" or the "**Individual Defendant**"), and Defendant Caffeination Title, LLC (the "**Corporate Defendant**", and together with the Individual Defendant, the "**Defendants**") and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this lawsuit seeking recovery against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("**FLSA**"), and violations of Articles 6 and 19 of the New York State Labor Law ("**NYLL**") and their supporting New York State Department of Labor regulations.

2.    Plaintiff alleges pursuant to the FLSA and the NYLL, that he  is entitled to recover from the Defendants unpaid compensation, liquidated damages, up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay on each pay day, pursuant to the New York State Wage Theft Prevention Act ("**WTPA**"), up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub that accurately and truthfully lists the employee's hours along with the name, employer's name, employer's address

and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, pursuant to the WTPA, prejudgment and post-judgment interest; and attorneys' fees and costs.

3.   Plaintiff further claims that he was not compensated properly under the New York City Administrative Code ("**NYC Charter**"), Title 20: Consumer Affairs, Chapter 10 § 20-927 *et seq.* for failure to provide an appropriate written contract, under § 20-928; and failure to pay on time under § 20-929.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. As set forth more fully below, Plaintiff, is a citizen of New York and Defendants are citizens of different states than Plaintiff.

5.   The Court also has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

6.   This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

7.   Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF SOLOMON**

        8.     Plaintiff Solomon is a resident of New York, New York.

        9.     At all relevant times, Plaintiff has been an employee within the meaning of Section

3(e) of the FLSA, 29 U.S.C. § 203(e), from January 3, 2020 through and including June 23, 2020.

Plaintiff was hired to provide, *inter alia*, the following:

     a.     Advising on title insurance best practices;
     b.     Advising on title insurance process and optimization of same;
     c.     Advising on title insurance regulatory compliance;
     d.     Title agency licensing strategy and execution of licensing in ten (10) states;
     e.     Advising on title insurance hiring and recruiting;
     f.     Advising on title insurance technology roll out;
     g.     Creation of a business plan;
     h.     Introduction to major title insurance underwriters;
     i.     Acquisition of a national agency agreement with Old Republic Title;
     j.     Advising on claims handling;
     k.     Creation of a marketing plan;
     l.     Creation of a world class website;
     m.     Drafting all content for the website and marketing materials;
     n.     Design of marketing collateral;
     o.     Introduction to world class vendors in the title industry;
     p.     Assembly of a world class title industry team; and
     q.     Creation of fee sheets competitive in the Midwest region.

       10.   Plaintiff has worked hundreds of hours corroborated by over one thousand emails

between January 3, 2020 through and including June 23, 2020.

**DEFENDANT CAFFEINATION TITLE, LLC**

       11.   Upon information and belief, Defendant Caffeination Title, LLC is a domestic

corporation organized and existing under the laws of the State of Wisconsin.

       12.   Upon information and belief, Defendant Caffeination Title, LLC is a sole member

limited liability company.  Upon information and belief, Defendant Curt Szymanski is the sole

member. Upon information and belief, Defendant Curt Szymanski is a citizen and resident of the State of Wisconsin.

13.    At all times relevant to this Complaint, Defendant Caffeination Title, LLC (i) has had and continues to have employees engaged in commerce and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

14.    At all times relevant to this Complaint, Defendant Caffeination Title, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

15.    At all times relevant to this Complaint, Defendant Caffeination Title, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT CURT SZYMANSKI**

16.    Defendant Curt Szymanski is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17.    Defendant Curt Szymanski possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18.    Defendant Curt Szymanski determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19.    At all times relevant to this Complaint, Defendant Curt Szymanski was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20.    Defendants own, operate and/or control a title agency at 8383 Greenway Blvd, Suite 600 Middleton, Wisconsin 53562.

21.    The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and control significant functions of the Corporate Defendant.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

24.    Defendants jointly employed Plaintiff, and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff.

26.    Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.    defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.    transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendant for his own benefit as the majority shareholder;

e.      operating the Corporate Defendant for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.      intermingling assets and debts of their own with the Corporate Defendant;

g.      diminishing and/or transferring assets of the Corporate Defendant to protect his own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

27.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

28.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

29.    Plaintiff was an employee of Defendants.

30.    Plaintiff was employed by the Defendants from January 3, 2020 through and including June 23, 2020.

31.    Caffeination is in the business of selling title insurance policies in connection with real estate closings.

32.    Plaintiff was hired to, *inter alia*, provide advisory work and consultation services for Defendants' title insurance policy business.

33.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

34.    Defendants did not provide Plaintiff a statement of wages, as required by NYLL

195(3).

35.     Defendants did not give any notice to Plaintiff, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

36.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

37.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

38.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

39.     Defendants have not paid Plaintiff anything for work performed.

40.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

41.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

42.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

43.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

44.      Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### THIRD CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

45.      Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46.      The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

47.      In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

48.      Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

### FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

49.      Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

50.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

51.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

### FIFTH CLAIM
### (Violation of the NYC Charter § 20-928)

52.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53.     The New York City Charter provides that:

a.   Whenever a hiring party retains the services of a freelance worker and the contract between them has a value of $800 or more, either by itself or when aggregated with all contracts for services between the same hiring party and freelance worker during the immediately preceding 120 days, the contract shall be reduced to writing. Each party to the written contract shall retain a copy thereof.

b.   The written contract shall include, at a minimum, the following information:

i.   The name and mailing address of both the hiring party and the freelance worker;

ii.   An itemization of all services to be provided by the freelance worker, the value of the services to be provided pursuant to the contract and the rate and method of compensation; and

iii.   The date on which the hiring party must pay the contracted compensation or the mechanism by which such date will be determined.

§ 20-928.

54.    The Charter provides that in a civil action under this section entitles a plaintiff to:

    a.  A plaintiff who prevails on a claim alleging a violation of section 20-928 shall be awarded statutory damages of $250.

    b.  A plaintiff who prevails on a claim alleging a violation of section 20-928 and on one or more claims under other provisions of this chapter shall be awarded statutory damages equal to the value of the underlying contract for the violation of section 20-928 in addition to the remedies specified in this chapter for the other violations.

§ 20-933(b)(2).

55.    As described herein, Defendants failed to comply with this law and are liable for damages.

## SIXTH CLAIM
### (Violation of the NYC Charter § 20-929)

56.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

57.    The New York City Charter provides that:

    a.  Except as otherwise provided by law, the contracted compensation shall be paid to the freelance worker either:

        i.   On or before the date such compensation is due under the terms of the contract; or

        ii.  If the contract does not specify when the hiring party must pay the contracted compensation or the mechanism by which such date will be determined, no later than 30 days after the completion of the freelance worker's services under the contract.

    b.  Once a freelance worker has commenced performance of the services under the contract, the hiring party shall not require as a condition of timely payment that the freelance worker accept less compensation than the amount of the contracted compensation.

58.    Plaintiffs are entitled to, "[i]n addition to any other damages awarded pursuant to this

10

chapter, a plaintiff who prevails on a claim alleging a violation of section 20-929 is entitled to an award for double damages, injunctive relief and other such remedies as may be appropriate."§ 20-33(b)(3).

59.     Plaintiffs are entitled to unpaid wages, double damages, liquidated damages, injunctive relief and attorneys' fees and costs.

## SEVENTH CLAIM
### (*Quantum Meruit*)

60.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.     Plaintiff is entitled to be compensated for the services he performed for Defendants.

62.     From January 3, 2020 to June 23, 2020, Plaintiff worked for the Defendants

63.     Defendants accepted and benefited from the services Plaintiff rendered to Defendants.

64.     Based upon the representations made by Szymanski, on behalf of all Defendants, Plaintiff reasonably expected to receive compensation for the services rendered to Defendants.

65.     Defendants failed to compensate Plaintiff for such services.

66.     Plaintiff has hundreds of emails attesting to his work performed.

67.     Plaintiff is entitled to *quantum meruit* fees for the reasonable value of services rendered from January 3, 2020 to June 23, 2020.

68.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in an amount to be determined at trial but no less than One Hundred and Fifty Five Thousand ($155,000.00) Dollars, plus applicable interest thereon, together with costs and disbursements and reasonable attorneys' fees.

**EIGHTH CLAIM**
**(Unjust Enrichment)**

69.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70.     Plaintiff is entitled to be compensated for the services he performed for Defendants.

71.     From January 3, 2020 to June 23, 2020, Plaintiff worked for the Defendants

72.     Defendants accepted and benefited from the services Plaintiff rendered to Defendants.

73.     Based upon the representations made by Szymanski, on behalf of all Defendants, Plaintiff reasonably expected to receive compensation for the services rendered to Defendants.

74.     Defendants failed to compensate Plaintiff for such services.

75.     Plaintiff has hundreds of emails attesting to his work performed.

76.     Defendants have been unjustly enriched, to Plaintiff 's detriment, by the benefits conferred and services performed by Plaintiff for which he has not been compensated.

77.     The circumstances are such that equity and good conscience require Defendants to make restitution to Plaintiff.

78.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in an amount to be determined at trial but no less than One Hundred and Fifty Five Thousand ($155,000.00) Dollars, plus applicable interest thereon, together with costs and disbursements and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a.      declaring that Defendants have violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

12

b.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

c.      declaring that Defendants violated § 20-928 of the NYC Charter;

d.      declaring that Defendants violated § 20-929 of the NYC Charter;

e.      declaring that Defendants are in breach of contract under New York State law;

f.      awarding Plaintiff unpaid minimum wages;

g.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

h.      awarding unpaid wages under the NYLL;

i.      awarding unpaid wages under the NYC Charter;

j.      awarding restitution under New York State law for *quantum meruit*;

k.      awarding restitution under New York State law for *unjust enrichment*;

l.      awarding Plaintiff statutory damages as a result of Defendants' breach of the NYC Charter;

m.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

n.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

o.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

p.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       July 15, 2020                          Respectfully submitted,


                              By:  /s/ Joshua Levin-Epstein
                                   Joshua D. Levin-Epstein
                                   Levin-Epstein & Associates, P.C.
                                   420 Lexington Avenue, Suite 2525
                                   New York, NY 10170
                                   Tel: (212) 792-0046
                                   Email: Joshua@levinepstein.com
                                   *Attorneys for the Plaintiff*